UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

..................................................

DERVIN V. HEAVEN

                Petitioner,

   -against-

JOHN ASHCROFT, et al.,

                Respondent.

..................................................

NOT FOR PUBLICATION

ORDER

04-CV-1456 (CBA)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 28 2005 ★

P.M. _____
TIME A.M. _____

AMON, UNITED STATES DISTRICT JUDGE

By motion dated November 8, 2005, Dervin V. Heaven ("Petitioner") asks this Court to reconsider its Order dated October 28, 2005 transferring his habeas petition challenging his continued detention to the United States District Court for the Northern District of Alabama and transferring his challenge to the order of removal issued against him to the United States Court of Appeals for the Fifth Circuit.

As an initial matter, Petitioner points out that the Court's Order transferring the claims did not address the stay of removal that this Court had issued on April 12, 2004. That Order stated, in relevant part, "Petitioner's deportation is stayed pending resolution of the petition." This Court's most recent Order did not resolve the petition, but merely transferred it to another court. Therefore, the stay of removal remains in effect, and will continue to remain in effect until either the petition is resolved or the stay is vacated by an order of the United States Court of Appeals for the Fifth Circuit.

1

Petitioner asks this Court to reconsider that part of its order which transferred his challenge to his continued detention to the Northern District of Alabama pursuant to the 'immediate custodian' rule of Rumsfeld v. Padilla, 542 U.S. 426 (2004). He also asks this Court to reconsider that part of its order which transferred his challenge to an order of removal to the Fifth Circuit, pursuant to the REAL ID Act of 2005 ("RIDA"), P.L. 109-13, Div B, Title I, § 106(c), 119 Stat. 311 (May 11, 2005).

**Discussion**

Under Federal Rule of Civil Procedure 59 and Local Rule 6.3, a motion for reconsideration of an order by the Court must set forth "matters or controlling opinions which counsel believes the court has overlooked," Local Rule 6.3, and which "might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration is not a vehicle for a party dissatisfied with a court's ruling to secure a rehearing on the merits with respect to issues already decided. Perez v. United States, 378 F. Supp. 2d 150, 154-155 (E.D.N.Y. 2005). The burden on the moving party is difficult, "in order to dissuade repetitive arguments on issues that have already been considered fully by the Court." Ruiz v. Commissioner of Dep't of Transp., 687 F. Supp. 888, 890 (S.D.N.Y. 1988), aff'd, 858 F.2d 898 (2d Cir. 1988).

Petitioner's Challenge to Continued Detention

In support of his contention that the Court erred in transferring the challenge to his continued detention to the United States District Court for the Northern District of Alabama, Petitioner cites Armentero v. INS, 340 F.3d 1058 (9th Cir. 2003), and King v. Gonzales, 2005 U.S. Dist. LEXIS 20342, No. 02-CV-3847 (E.D.N.Y. August 16, 2005) (Gleeson, J.). Neither

case controls here, since the Court is not within the Ninth Circuit and since the opinions of other courts within the Eastern District of New York are not binding upon this Court. See Hawkins v. Steingut, 829 F.2d 317, 321 (2d Cir. 1987) ("Although district judges within a particular circuit will frequently find each other's decisions persuasive, they remain free to disagree."). Moreover, the opinion in Armentero was withdrawn in 2004 and thus is no longer binding even within the Ninth Circuit. Armentero v. INS, 382 F.3d 1153 (9th Cir. 2004). Additionally, the court in King did not decide whether the 'immediate custodian' rule of Padilla applied to habeas petitions challenging the detention of an alien pending deportation, but simply observed, as has this Court, that the Supreme Court in Rumsfeld v. Padilla, 542 U.S. 426, 532 (2004), expressly left that question open. King, 2005 U.S. Dist. LEXIS 20342, *6. Thus, neither Armentero nor King commands reversal of this Court's order.

Petitioner also points to Abimbola v. Ridge, in which the court "assume[d], without deciding, that it ha[d] jurisdiction, even though" the petitioner was detained outside the court's district. 2005 U.S. Dist. LEXIS 3699, *1 n.1 (D. Conn. March 7, 2005). Like the opinions in Armentero and King, the opinion in Abimbola is not controlling on this Court because it was not rendered by a superior court. Furthermore, the court in Abimbola merely assumed that it had jurisdiction without deciding the question and did not offer any reasoned argument that the immediate custodian rule should not apply. Id. Therefore, the opinion in Abimbola has no effect on the conclusions reached by this Court in its Order of October 28, 2005.

Finally, petitioner argues that the Court overlooked the length of his detention pending removal—five years—and the allegedly slow pace by which the Northern District of Alabama adjudicates habeas petitions. In support of this contention, the petitioner has submitted to the

3

Court a copy of a decision of the United States Court of Appeals for the Eleventh Circuit which, inter alia, granted in forma pauperis status to a pro se petitioner on the grounds that the petitioner had established indigence and extended delay by the United States District Court for the Northern District of Alabama. See In re. Gonzalez, No. 05-14891-H (11th Cir. Oct. 19, 2005). While the Court is mindful that the government could conceivably "undermine the remedy of habeas corpus by detaining illegally a large group of persons in one facility" so as to inundate the local district court with habeas petitions, Nwankwo v. Reno, 828 F. Supp. 171, 174 (E.D.N.Y. 1993) (Korman, J.), the Court does not believe that such abuse is established here. The Court has considered petitioner's arguments regarding the possibility of increased delay, and adheres to its original finding that the proper respondent for petitioner's challenge to his current detention is his immediate physical custodian.

For the foregoing reasons, the Court declines to reverse its order transferring to the United States District Court for the Northern District of Alabama that portion of the petition which challenged petitioner's current detention.

Challenge to the Order of Removal

The petitioner also asks this Court to reconsider that portion of its order which transferred his challenge to the order of removal issued against him to the United States Court of Appeals for the Fifth Circuit pursuant to 8 U.S.C. § 1252(b)(2). Petitioner acknowledges that the REAL ID Act of 2005 ("RIDA"), P.L. 109-13, Div B, Title I, § 106(c), 119 Stat. 311 (May 11, 2005), strips district courts of the ability to hear petitions for writs of habeas corpus challenging orders of removal, and therefore requests that the Court transfer his challenge to the Second Circuit rather than the Fifth. In support of his motion for reconsideration, Petitioner asserts that this Court

4

overlooked Pichardo v. Ashcroft, in which a panel of the Second Circuit found it proper to ignore another subsection of section 1252 when "necessary to avoid manifest injustice." 374 F.3d 46, 52 (2d Cir. 2004). That case addressed whether a petitioner must in all cases fulfill the statutory exhaustion requirements of § 1252(d). The court based its decision in large measure on Theodoropoulos v. INS, 358 F.3d 162 (2d Cir. 2002), in which the Second Circuit held that although the statutory requirements of § 1252(d) were not subject to traditional common law exceptions to the exhaustion doctrine, there were "limited circumstances in which an exception to the general rule might apply." Pichardo, 374 F.3d at 52 (quoting Theodoropoulous, 358 F.3d at 173)). The Court in Pichardo found that the facts of that case—a challenge to the basis of petitioner's petition that was "virtually certain to succeed," and a defense of exhaustion that was only raised for the first time on appeal—fell within the very narrow exception authorized by Theodoropoulous and permitted the court to ignore the exhaustion requirements of § 1252(d) in order to avoid manifest injustice. The Court declines to decide whether the "manifest injustice" reasoning from Pichardo could similarly allow the requirements of § 1252(b)(2) to be overlooked because it finds that the risk of manifest injustice is not presented here. The injustice petitioner is concerned about is the delay involved in transferring his case to a different judicial circuit, which will require him to redraft his papers in accordance with that Circuit's precedents. Congress undoubtedly anticipated such delays when it required in RIDA that every habeas corpus petition challenging an order of removal that was then pending in a District Courts be transferred to the Court of Appeals for the Circuit in which the order of removal was issued. The Court therefore does not believe that petitioner's situation is so extraordinary that transferral to the Fifth Circuit would constitute manifest injustice.

In addition, petitioner asserts that the Fifth Circuit is still recovering from the effects of Hurricane Katrina, which forced the court to relocate from New Orleans, Louisiana to Houston, Texas. Although the Court is sympathetic to any delay that may be caused to petitioner or any other litigant in that Circuit as a result of the hurricane, the Court does not believe that the possibility of such delays constitutes manifest injustice and does not believe that it has the discretion to ignore Congress's clear directions as to which Court of Appeals must receive petitioner's challenge to the order of removal.

## Conclusion

For the foregoing reasons, the Court denies petitioner's request to reconsider its orders transferring to the United States District Court for the Northern District of Alabama his challenge to his continued detention and transferring to the United States Court of Appeals for the Fifth Circuit his challenge to the order of removal issued against him. In addition, the Court clarifies that the order staying petitioner's removal which this Court issued on April 12, 2004 remains in effect and will continue to remain in effect until vacated by the Court of Appeals for the Fifth Circuit.

SO ORDERED.

/s/ HON. CAROL B. AMON
CAROL B. AMON
United States District Judge

Dated: Brooklyn, New York
November 23, 2005